IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LORETTA FORD                                                                                  PLAINTIFF

vs.                                              Civil No. 1:13-cv-01070

CAROLYN W. COLVIN                                                                 DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Loretta Ford ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for a

period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income

("SSI") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O.

Hickey referred this case to this Court for the purpose of making a report and recommendation.  In

accordance with that referral, and after reviewing the arguments in this case, this Court recommends

Plaintiff's case be **AFFIRMED.**

1.      **Background:**

Plaintiff filed her disability applications on April 29, 2011.  (Tr. 12, 122-135).  In those

applications, Plaintiff alleges being disabled due to "mental issues–sees things." (Tr. 158). Plaintiff

alleges an onset date of April 29, 2011.  (Tr. 12).  These applications were denied initially and again

upon reconsideration.  (Tr. 65-68).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing

1

request was granted.  (Tr. 83-89).  Plaintiff's administrative hearing was held on June 28, 2012 in

El Dorado, Arkansas.  (Tr. 29-65).  At this hearing, Plaintiff was present and was represented by

counsel, Denver Thornton.  *Id.*  Plaintiff and Vocational Expert ("VE") David Elmore testified at this

hearing.  *Id.*  During this hearing, Plaintiff testified she was fifty-seven (57) years old, which is

defined as a "person of advanced age" under 20 C.F.R. § 416.963(e) (2008) (SSI) and 20 C.F.R. §

404.1563(e) (2008) (DIB).  (Tr. 33).  Plaintiff also testified she had obtained a GED.  (Tr. 37).

On October 2, 2012, the ALJ entered an unfavorable decision denying Plaintiff's

applications.  (Tr. 9-23).  In this decision, the ALJ found Plaintiff met the insured status

requirements of the Act through December 31, 2014.  (Tr. 14, Finding 1).  The ALJ found Plaintiff

had not engaged in Substantial Gainful Activity ("SGA") since April 29, 2011, her alleged onset

date. (Tr. 14, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: mild

osteoarthritis, acid reflux, blackouts, hypertension, allergies, morbid obesity, depression, and

personality disorder.  (Tr. 14-15, Finding 3).  Despite being severe, the ALJ determined those

impairments did not meet or medically equal the requirements of any of the Listings of Impairments

in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 15-17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.

(Tr. 17-23, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her

claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained

the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the
> claimant has the residual functional capacity to perform light work as defined in 20
> CFR 404.1567(b) and 416.967(b) with the following limitations: the claimant can sit
> and stand for 6 to 8-hours, for up to 2 hours without interruption; she can walk for
> no more than 3 blocks at a time; she can perform only occasional climbing, stooping,
> kneeling, crouching, and crawling; she cannot perform work requiring the ability to

balance; she cannot perform work that involves working on ladders, scaffolds, or unrestricted heights; she cannot perform work that requires the operation of any type of motor vehicle or forklift; she is limited to unskilled to semiskilled work and can understand, remember, and follow concrete instructions; and she can also tolerate superficial contact with coworkers, supervisors, and the general public.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 23, Finding 6). Considering her RFC, the ALJ determined Plaintiff retained the capacity to perform her PRW as a poultry worker (unskilled, light). *Id.* Accordingly, because Plaintiff retained the capacity to perform this PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from her alleged onset date of April 29, 2011 through the date of his decision or through October 2, 2012. (Tr. 23, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 8). On September 18, 2013, the Appeals Council denied this request for review. (Tr. 1-4). On October 17, 2013, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses

the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.      **Discussion:**

In her appeal brief, Plaintiff raises the following seven arguments for reversal: (A) the ALJ erred in finding her "major depressive disorder, recurrent, with psychotic features" was not a severe impairment; (B) the ALJ erred in considering the opinions of her treating physicians; (C) the ALJ gave improper weight to the opinion of a one-time examining doctor; (D) the ALJ did not appreciate the nature and extent of her mental illness; (E) the ALJ improperly evaluated her "black outs"; (F) the ALJ improperly found she watched her grandchild "on a regular basis"; and (G) the ALJ improperly determined she retained the ability to perform her PRW.  ECF No. 9 at 2-16.  The Court will consider all of these arguments.

A.      **Severe Impairment**

Plaintiff claims the ALJ improperly determined her "major depressive disorder, recurrent, with psychotic features" was a non-severe impairment.  ECF No. 9 at 8-10.  In his opinion, however, the ALJ found Plaintiff's "depression" and "personality disorder" were severe impairments.  (Tr. 14-15, Finding 3).  Plaintiff attempts to distinguish "major depressive disorder, recurrent, with psychotic features" from "depression" and "personality disorder" by claiming the former diagnosis is *more severe* and should be considered a separate severe impairment.   ECF No. 9 at 8-10.

Upon review, however, the Court finds no basis for reversal on this issue.  In his opinion, the ALJ considered Plaintiff's depression and personality disorder.  There is simply no requirement

Plaintiff's "major depressive disorder, recurrent, with psychotic features" be considered a separate severe impairment when the ALJ did consider Plaintiff's depression and personality disorder as severe impairments.

### B.      Treating Physicians

Plaintiff claims the ALJ erred in considering the opinions of her treating physicians at South Arkansas Regional Health Center ("SARHC"). ECF No. 9 at 10-11.  Specifically, Plaintiff claims the ALJ did not give "adequate weight" to their opinions. *Id.* The only opinion Plaintiff references, however, is her diagnosis from SARHC of "depression with psychotic features and bereavement." *Id.* Plaintiff does not provide any specific work limitations that could result from these diagnoses. *Id.*

Indeed, in his opinion, the ALJ fully considered Plaintiff's diagnoses of depression and personality disorder and her treatment records from SARHC. (Tr. 19).  However, as the ALJ noted in his opinion, when Plaintiff is "compliant with prescribed medications," she "reported that her mood was stable and she was no longer stressed." *Id.* The ALJ also noted "[s]ubsequent progress notes show the claimant continued to do well with prescribed medication. . . ." *Id.* Impairments that can be controlled with medication are not considered disabling. *See, e.g., Turpin v. Colvin,* 750 F.3d 989, 993 (8th Cir. 2014) ("We do not consider impairments controllable by treatment or medication to be disabling").  Thus, the Court cannot find the ALJ improperly considered the findings of her treating physicians.

### C.      One-Time Examining Doctor

Plaintiff claims the ALJ erred in relying upon the opinions of her one-time examining doctor, Dr. Rollie Flaherty, Ph.D. ECF No. 9 at 12-13.  Dr. Flaherty examined Plaintiff on August 3, 2011. (Tr. 269-275).  During this examination, Dr. Flaherty found Plaintiff had "many indicators of

symptom exaggeration" and malingering. *Id.* In his opinion, the ALJ considered Dr. Flaherty's findings and assigned his opinions "great weight." (Tr. 20).

Despite Plaintiff's claim to the contrary, however, the ALJ did not base his entire RFC determination upon the findings of Dr. Flaherty. The ALJ considered all of Plaintiff's medical records, including those of her treating physicians at SARHC, Plaintiff's daily activities, and other evidence in the record prior to assessing her RFC. After considering that evidence, the ALJ then assigned "great weight" to Dr. Flaherty's findings and found the following: "According to Dr. Flaherty, the claimant appeared to be malingering during the consultative examination. Based on the evidence of malingering and the claimant's receipt of unemployment benefits, the undersigned finds that she might have exaggerated her symptoms and limitations in order to increase her chances of obtaining benefits." (Tr. 22). Based upon this information, the ALJ did not err in assigning "great weight" to Dr. Flaherty's findings.

### D.    Plaintiff's Mental Illness

Plaintiff claims the ALJ did not "appreciate the nature and extent" of her mental illness. ECF No. 9 at 14. Plaintiff claims that "due to the significant medication she is taking, [the] need for continued treatment, [the] little improvement, and the nature of the diagnosis," she is not capable of performing her PRW as a poultry worker. *Id.* In support of this argument, however, Plaintiff references no specific medical records. *Id.*

Notably, in his opinion, the ALJ did recognize Plaintiff's mental impairments, found them to be severe, and even incorporated mental restrictions into his RFC assessment: "[S]he is limited to unskilled to semiskilled work and can understand, remember, and follow concrete instructions; and she can also tolerate superficial contact with coworkers, supervisors, and the general public." (Tr. 17). There is no demonstration Plaintiff has any greater work limitations than those found by

the ALJ.  Thus, the Court cannot find a basis for reversal on this issue.

### E.      Plaintiff's "Black Outs"

Plaintiff claims the ALJ did not properly consider her "blackouts."  ECF No. 9 at 14.  In his

opinion, however, the ALJ did account for Plaintiff's "black outs" and included the following

limitations as a part of his RFC determination: "[S]he cannot perform work that involves working

on ladders, scaffolds, or unrestricted heights; she cannot perform work that requires the operation

of any type of motor vehicle or forklift."  (Tr. 17).  Plaintiff has not provided any evidence

demonstrating limitations greater than those found by the ALJ.  Thus, the Court finds no basis for

reversal on this issue.

### F.      Plaintiff's Daily Activities

Plaintiff claims the ALJ improperly considered the fact she was able to babysit her grandson

during the day.  ECF No. 9 at 14-15.  The ALJ noted this fact when he evaluated–and discounted–

her subjective complaints.  (Tr. 21).  Plaintiff claims the ALJ improperly considered this fact, and

she was not able to babysit her grandson during the day because she suffers from a disabling mental

illness.  ECF No. 9 at 14-15. In support of her claim, Plaintiff references an affidavit submitted by

her daughter which states Plaintiff only watched her grandson for "one month" from March of 2010

until April of 2010.  (Tr. 246-247).  After that time, Plaintiff felt she could no longer care for her

grandson: "She did not feel that she could keep him."  (Tr. 246).

Despite this affidavit and Plaintiff's representations, Plaintiff's medical records *are not*

*consistent* with these representations.  As the ALJ noted, on July 14, 2011, Plaintiff reported she

"continues to watch her 22 month old grandson . . . which she said was good for her."  (Tr. 305).

On May 26, 2011, Plaintiff reported she had "been keeping her grandson who is over thirty pounds."

(Tr. 315).  Further, on August 3, 2011,  Plaintiff reports she "spends a considerable amount of time

with the grandchild about four days weekly." (Tr. 271).  These records certainly indicate Plaintiff

or Plaintiff's daughter or both are misrepresenting the fact Plaintiff kept her grandson long after

April of 2010.  Thus, the Court cannot find the ALJ erred in discounting Plaintiff's subjective

complaints because she was able to watch her grandson.

### G.       PRW Determination

Plaintiff claims the ALJ erred in finding she retains the capacity to perform her PRW.  ECF

No. 9 at 15-16.  Specifically, Plaintiff claims she is only capable of sedentary work and, as such, she

"meets the Grid and disability should be awarded."  *Id.*

As noted above, however, Plaintiff has not met her burden of establishing she is only able

to perform sedentary work.  *See, e.g., Eichelberger v. Barnhart,* 390 F.3d 584, 591 (8th Cir. 2004)

(holding the claimant has the burden of establishing his or her RFC).  Thus, the Court cannot find

she is *per se* disabled and should "meet the Grid."

### 4.       Conclusion:

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to

Plaintiff, is supported by substantial evidence in the record and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation**

**in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact.  The Parties are**

**reminded that objections must be both timely and specific to trigger *de novo* review by the**

**district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 17th day of November 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE